McCORD, Judge.
This appeal is from an order denying appellant’s motion to vacate his judgment and sentence under Fla.R.Crim.P. 3.850. We affirm in part and reverse in part.
Appellant alleged four grounds for his motion. His second, third and fourth grounds are without merit, and we, therefore, affirm as to them. His first ground— that he was denied effective assistance of counsel — requires further attention. In the trial court’s order denying the motion -without hearing, the court stated that it found on the face of the record that the motion was without merit. As we said in Calhoun v. State, 362 So.2d 726 (Fla. 1st DCA 1978):
Rule 3.850 Fla.R.Crim.P. requires that when the denial of a motion for postcon-viction relief is not based on the legal insufficiency of the motion, “a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the [order]” or an evidentiary hearing should be granted.
The trial court did not attach any such portions of the record, and we, therefore, called upon the State to respond to the points raised by appellant on this appeal and allowed the State to supplement this record with portions of the previous record. We have now considered the response in conjunction with appellant’s allegations regarding his claim of ineffective assistance of counsel and find that appellant alleged specific grounds of ineffectiveness which may have merit and which have not been refuted by attachment of portions of the record. We, therefore, reverse as to appellant’s first ground and remand with directions that the trial court hold an eviden-tiary hearing. Compare Meeks v. State, 382 So.2d 673 (Fla.1980).
ROBERT P. SMITH, Jr., C.J., concurs.
BOOTH, J., dissents with opinion.