WENTWORTH, Judge.
Appellant contended by a Rule 3.850 motion for post-conviction relief that he received ineffective assistance of counsel with respect to his 1979 convictions and sentences for robbery and sexual battery. We affirm the trial court’s order denying *1167 appellant's motion after evidentiary hearing.
After appellant was originally convicted on the two charges, he was sentenced to three years for robbery and 32 years for sexual battery. On direct appeal, this court affirmed per curiam.
In a 3.850 motion filed in 1982, appellant alleged four grounds for vacation of his convictions and sentences. This court reversed a denial of the motion solely on the issue of appellant’s claim of ineffective assistance of counsel, and remanded with directions that the trial court hold an eviden-tiary hearing on that issue. Johnson v. State, 421 So.2d 785 (Fla. 1st DCA 1982). Following evidentiary hearings held on December 13, and December 18,1982, the trial court denied appellant’s 3.850 motion.
On June 25, 1984, appellant filed a “petition for writ of habeas corpus or in the alternative, belated appeal.” This court granted appellant’s petition, noting that the order following the evidentiary hearings did not comply with Rule 3.850 because it failed to inform him that he had 30 days to appeal.
Appellant testified in support of his allegations of ineffective assistance, much of his testimony being inconclusive and in direct conflict with that of his counsel. Credibility issues were resolved against him by the trial court. Upon consideration of the record, we affirm.
ERVIN and JOANOS, JJ., concur.